# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                   CRIMINAL NO.: 12-767 (GAG)

DANIEL SÁNCHEZ,

    Defendant.

## OPINION AND ORDER

The U.S. Probation Office filed three motions requesting the revocation of defendant Daniel Sánchez's supervised release. (D.E. 2; 10; 11). Preliminary revocation hearings were held on February 26 and March 5, 2013. (D.E. 14; 24). Although several of the alleged violations were addressed,[1] the court held in abeyance the alleged violations under Articles 198 (robbery) and 201 (receipt of stolen property) of the Puerto Rico Penal Code.[2] See id. Defendant has filed a post-hearing memorandum. (D.E. 27). As to the alleged violation pertaining to receipt of stolen property under Article 201, P.R. Laws Ann. tit. 33, § 4829, defendant does not contest that there was probable cause. (See id. at 2 n.1, 16). Therefore,

---

[1] The first and third motions filed the U.S. Probation Office allege that defendant violated the term of supervised release requiring him not to commit another federal, state, or local crime, by violating Articles 193 (illegal appropriation), 198 (robbery), and 201 (receipt of stolen property) of the Puerto Rico Penal Code, P.R. Laws Ann. tit. 33, §§ 4821, 4826, 4829, and § 5.04 of the Weapons Law, P.R. Laws Ann. tit. § 458c. (D.E. 2, at 2; 11, at 1). The government desisted with respect to the alleged Article 193 and Weapons Law violations. (D.E. 24). The second motion filed by the U.S. Probation Office alleges that defendant violated the terms of supervised release requiring him (1) to answer truthfully all inquiries by and follow the instructions of the U.S. Probation Officer, (2) not to associate with any persons engaged in criminal activity, and (3) not to associate with any person convicted of a felony unless granted permission to do so by the U.S. Probation Officer. (D.E. 10, at 1). Probable cause was found as to the first two alleged violations, but not the third. (D.E. 24).

[2] Although defendant requests a finding of no probable cause for the charge under § 5.04 of the Weapons Law, (D.E. 27, at 16), the government had already desisted as to this alleged violation. (D.E. 24).

taking into account the evidence presented at the hearings, the court finds there to be **PROBABLE CAUSE** as to Article 201 (receipt of stolen property).

Article 198 provides that "[a]ny person who unlawfully takes personal property belonging to another in the immediate presence of said person and against his/her will by means of force or intimidation shall incur a third degree felony." P.R. Laws Ann. tit. 33, § 4826. A person may be held accountable for the commission of a crime as either a principal or a person who cooperates with a principal. P.R. Laws Ann. tit. 33, § 4670. As such, a person may be held accountable if he "without being [a] principal[] otherwise knowingly cooperate[s] in the commission of a crime." P.R. Laws Ann. tit. 33, § 4672.

Although in his memorandum defendant twice mentions the standard for conviction of an offense as requiring "proof beyond a reasonable doubt," (D.E. 27, at 12, 13 n.4), that is not the relevant standard for a preliminary revocation hearing. At this stage, the standard is "whether there is probable cause to believe that a violation occurred." Fed. R. Crim. P. 32.1. As an initial matter, it appears to be uncontested that there is probable cause that Nelson Ruiz ("Ruiz") committed two robberies on July 30, 2012. (See, e.g., D.E. 27, at 9, 12, 15). Moreover, Puerto Rico Police Agent Edilberto Mojica Calderón ("Agent Mojica") testified that Ruiz was identified in a line-up as the assailant in both robberies. The pertinent question is whether there is probable cause that defendant "knowingly cooperate[d] in the commission of" at least one of the robberies. P.R. Laws Ann. tit. 33, § 4672.

At the first hearing, Agent Mojica testified that defendant stated that he was driving the Ford Escape SUV with Ruiz and that, when they arrived at the Open Mobile store, Ruiz went inside. At the second hearing, Agent Luis Vázquez Sáez ("Agent Vázquez") testified that he was riding in a marked unit being driven by Agent Daniel Ortiz ("Agent Ortiz") when they identified

a charcoal gray Ford Escape SUV with a stolen license plate. Agents Vázquez and Ortiz activated their siren and lights and gave an order over the loudspeaker system for the vehicle to stop to the right. The Ford Escape did not stop. According to Agent Vázquez, a "chase" took place, whereby the vehicle made three left turns, drove against traffic in the opposite lane, and "impacted" a corner wall of a private residence when attempting to turn left again. Agent Vázquez testified that they never lost sight of the vehicle. After the crash, two individuals left the vehicle and a "foot chase" commenced. Agent Vázquez identified the driver of the vehicle as defendant. According to Agent Mojica, money, a wallet purse, and several items in the name of Elisa Rivera Pérez, the victim of the first robbery, including a check in the amount of $541, credit cards, a vehicle registration, and other documents, were found inside of defendant's wallet. Moreover, a Blackberry phone, identified as belonging to Elisa Rivera Pérez, was found in the lower compartment of the driver's side door.

Considering all of the evidence presented to the court, including testimony that defendant admitted that he drove Ruiz to the location of the second robbery, the vehicle driven by defendant was used in both robberies which were approximately an hour and a half apart, several personal items belonging to the victim of the first robbery were found in defendant's possession, and, following a marked unit's activation of siren and lights and use of a loudspeaker, defendant made three left turns, drove against traffic, crashed, and ran from the vehicle, there is probable cause that defendant knowingly cooperated with Ruiz in the commission of the robberies on July 30, 2012. As such, the court finds there to be **PROBABLE CAUSE** as to Article 198 (robbery).[3]

---

[3] Because there is probable cause for accessory liability for robbery, it is unnecessary to determine whether there is also probable cause for principal liability.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of May, 2013.

                                                        s/Marcos E. López
                                                        U.S. Magistrate Judge